IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS SAMSA,

                Plaintiff,

v.

DASTIN ROHWER, TIMOTHY HOUG,
ETHAN MARCZEWSKI, MICHAEL GLASS,
BENJAMIN VIRES, XWG SIAB VANG,
and ANTHONY JOHNSON,

                Defendants.

OPINION and ORDER

23-cv-144-jdp

---

Pro se plaintiff and prisoner Dennis Samsa alleges that officers at Columbia Correctional Institution strip-searched him while one of the officers recorded the search using a body camera.

Two matters are before the court. First, Samsa filed a motion asking why his case was reassigned to Magistrate Judge Stephen Crocker. Dkt. 6. I infer that Samsa is referring to Judge Crocker's order directing Samsa to make initial partial payment of the filing fee. Dkt. 5. Samsa's case is still assigned to me. But under Local Rule 2 of this district, Judge Crocker is "designated to hear and determine any pretrial matter pending before this court," such as scheduling matters. I will decide any motions on the merits of Samsa's claims.

Second, Samsa has made initial partial payment of the filing fee, so his case is ready for screening under 28 U.S.C. §§ 1915 and 1915A. I must screen Samsa's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a pro se litigant's complaint, I construe the complaint generously,

holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Samsa does not allege facts to suggest that defendants violated his constitutional rights, so I will not allow him to proceed on any claims at this time. I will give Samsa a short time to submit an amended complaint to address the problems with his allegations.

ALLEGATIONS OF FACT

I draw the following allegations from Samsa's complaint, Dkt. 1, and I accept them as true for the purposes of this order. Samsa alleges that he was able to break a piece of metal off of the fence in the prison's recreation area. When Samsa tried to give the metal to another inmate, defendant correctional officers Vang and Johnson approached Samsa's rec cage and asked for the metal piece. Samsa gave Vang the piece. Vang then placed Samsa in handcuffs and escorted Samsa to a strip cell. Defendant correctional officers Rohwer, Houg, and Marczewski told Samsa to strip down naked. Samsa complied. Rohwer recorded the strip search on his body camera, even though an officer's body camera "can't be facing [an] inmate" when he strips. Dkt. 1, at 4.

ANALYSIS

Samsa contends that defendants violated his rights by strip-searching him while one of the officers recorded it on his body camera. He also states that the search was retaliatory.

A. Strip search

Constitutional claims based on an allegedly unlawful strip search of a prisoner are usually analyzed under the Eighth Amendment, which prohibits cruel and unusual

punishment, and the Fourth Amendment, which prohibits unreasonable searches and seizures. The court will consider Samsa's claims under both amendments.

1. **Eighth Amendment**

The Eighth Amendment protects prisoners against searches that are meant to serve as a form of punishment. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). To state an Eighth Amendment claim, Samsa must allege facts to suggest that (1) there was no legitimate security need for the search; or (2) the search was conducted in a harassing manner, intended to humiliate him and inflict psychological pain. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015).

Samsa does not state claims under the Eighth Amendment. Samsa alleges that he was strip-searched after he attempted to give another inmate a piece of metal that Samsa removed from the rec fence. That suggests that Samsa was searched to discover whether he had additional metal pieces on his person, so I cannot reasonably infer that the search served no legitimate purpose.

As for the manner of the search, the fact that Rohwer recorded the search on his body camera, without more, does not suggest that the search was intended to humiliate Samsa or inflict psychological pain. Recording a strip search does not necessarily violate the Eighth Amendment. *See Fillmore v. Page*, 358 F.3d 496, 500 (7th Cir. 2004) (stating that a policy of recording strip searches may "protect guards and prisoners alike."). Samsa alleges that "when an inmate strips down," an officer's body camera "can't be facing [the] inmate." Dkt. 1, at 4. It is reasonable for me to infer from that allegation that the prison has a policy against recording inmates during a strip search. But violation of a policy does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Recording a search is less

3

humiliating than other circumstances that courts have recognized as violating Eighth Amendment. For example, Samsa does not allege that the officers made rude comments during the search, *cf. Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003), or that he was exposed to other inmates, *see Fillmore*, 358 F.3d at 505. And other district courts have concluded that allegations similar to Samsa's do not state Eighth Amendment claims. *See Shaw v. City of Milwaukee*, No. 20-C-365, 2020 WL 3077911, at *2 (E.D. Wis. June 8, 2020) ("The mere fact that the searches were captured by surveillance cameras" was insufficient to violate the Eighth Amendment); *Johnson v. White*, No. 3:03-cv-919, 2004 WL 3222733 (E.D. Va. Aug. 19, 2004).

Recording Samsa's strip search, without more, does not suggest that Rohwer or the other officers intended to humiliate Samsa. So I will not allow Samsa to proceed on Eighth Amendment claims related to his strip search.

2. **Fourth Amendment**

The Fourth Amendment safeguards the right to be free from unreasonable searches. The court of appeals has concluded that the "[t]he Fourth Amendment protects a limited right to bodily privacy for convicted prisoners," which includes protection from unreasonable strip searches. *Henry,* 969 F.3d at 779–80, 784. To prevail on a Fourth Amendment unreasonable search claim, a prisoner must show that the search was objectively unreasonable in light of "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Samsa's complaint does not state Fourth Amendment claims. As for the strip search itself, strip searching an inmate is reasonable under the Fourth Amendment if correctional officers have reasonable suspicion that the inmate possesses contraband. *Brown v. Polk Cnty., Wis.*, 965 F.3d 534, 539–40 (7th Cir. 2020). Samsa alleges that he was searched after he

attempted to give a metal piece from the rec fence to another inmate, which suggests that the officers had reasonable suspicion that Samsa had other metal pieces on his person.

As for Rohwer's decision to record the search on his body camera, the Seventh Circuit has not addressed whether video recording a strip search violates a prisoner's Fourth Amendment rights. But other courts of appeals that have considered the issue have concluded that capturing the strip search of a prisoner on video, without more, does not make the search constitutionally unreasonable. *See Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015) (sending surveillance footage to command room where other officers could see it); *Davis v. Florence*, 600 F. App'x 26, 27 (2d Cir. 2015) (recording strip searches on wall-mounted video camera). Other district courts have reached the same conclusion. *Watley v. Pike Cty.*, No. 3:17-cv-1539, 2018 WL 6018903, at *11 (M.D. Pa. Nov. 16, 2018) (collecting cases).

This case is unique in that Samsa alleges that the prison had a policy against recording strip searches. In the cases found by the court, the prison had either an express policy *requiring* officers to record strip searches, *see, e.g.*, *Thuy Van Vo v. Gilmore*, No. 2:18-CV-1364, 2021 WL 1807872, at *2 (W.D. Pa. May 6, 2021), or had no policy about the practice at all. But "department policies [are] irrelevant in the Fourth Amendment reasonableness analysis." *Scott*, 346 F.3d at 760 (construing *Soller v. Moore*, 84 F.3d 964, 969 (7th Cir. 1996)). The mere fact that Rohwer's decision to record Samsa's search violated prison policy does not mean that the search was objectively unreasonable under the Fourth Amendment.

B.  **Retaliation**

Samsa states that he wishes to assert retaliation claims against defendants. To prevail on a retaliation claim, a plaintiff generally must prove three things: (1) he was engaging in activity protected by the Constitution; (2) the defendant's conduct would deter others from

5

engaging in the protected activity in the future; and (3) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Samsa does not allege that he was engaging in activity protected by the Constitution before he was searched, stating only that he attempted to give another inmate a piece of metal from the rec fence. It is not reasonable to infer that handing a metal piece to another inmate is constitutionally protected activity, so Samsa does not state any claims for retaliation.

## CONCLUSION

Samsa has not alleged facts to show that officers intended to humiliate him by recording his strip search, so he has not stated a claim under the Eighth Amendment. And Samsa has not stated a Fourth Amendment claim because he has not alleged facts to show that recording the search was objectively unreasonable. Because Samsa appears pro se, I will give him a chance to amend his complaint. Samsa should explain the actions each individual defendant took and explain why those actions violated his rights. If Samsa does not respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief can be granted and assess him a "strike" under 28 U.S.C. § 1915(g).

## ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Samsa's complaint, Dkt. 1, is DISMISSED without prejudice for failure to state a claim.

2. Samsa may have until May 18, 2023, to submit an amended complaint that address the problems identified in this opinion.

6

Entered April 19, 2023.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge