IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DENNIS SAMSA,

                        Plaintiff,

        v.                                                  OPINION and ORDER

DASTIN ROHWER, TIMOTHY HOUG,                                23-cv-144-jdp
ETHAN MARCZEWSKI, MICHAEL GLASS,
BENJAMIN VIRES, XWG SIAB VANG,
and ANTHONY JOHNSON,

                        Defendants.

        Pro se plaintiff and prisoner Dennis Samsa filed a complaint alleging that officers at
Columbia Correctional Institution strip-searched him while one of the officers recorded the
search using a body camera. I screened Samsa's complaint and concluded that Samsa had not
stated a claim under the Eighth or Fourth Amendments to the United States Constitution.
Dkt. 8. Specifically, Samsa's complaint was deficient because (1) Samsa was searched after
officers found contraband on his person, so there was a legitimate purpose for the search; and
(2) recording the search, without more, did not show that officers conducted the search in a
humiliating or harassing matter. I gave Samsa an opportunity to submit an amended complaint
with additional allegations about the search.

        Samsa has submitted a proposed amended complaint. Dkt. 9. Samsa's amended
complaint is based on the same facts as his initial complaint: Samsa alleges that defendants
strip-searched him after they discovered that he had ripped metal pieces off of the fence in the
recreation yard and tried to give a metal piece to another inmate.

        Samsa's amended complaint does not state any claims for relief. To state an Eighth
Amendment claim, Samsa must allege facts to suggest that (1) there was no legitimate security

need for the search; or (2) the search was conducted in a harassing manner, intended to humiliate him and inflict psychological pain. *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). Samsa now alleges that (1) the search was unnecessary because he had already given officers all of the metal he had; and (2) the search was "intended to humiliate and demean" him. Dkt. 9, ¶ 19.

Those conclusory allegations do not save Samsa's claims. In screening Samsa's complaint, I am not required to take Samsa's "mere conclusory statements" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, Samsa must allege facts that support a reasonable inference that defendants violated his rights. *See id.* The facts in Samsa's complaint do not suggest that the search violated the Eighth Amendment. Officers conducted the search after Samsa admitted that he pulled metal pieces off of the fence and that he hid one of the pieces in his pocket. Dkt. 9, ¶ 14. Samsa could have had other metal pieces on his person, so it is not reasonable to infer that there was no security need for the search. And Samsa does not allege any facts to suggest that the search was performed in a humiliating manner. For example, Samsa does not allege that the officers made rude comments during the search, *cf. Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003), or that he was exposed to other inmates, see *Fillmore v. Page*, 358 F.3d 496, 500 (7th Cir. 2004). Recording a strip search, without more, does not make a search humiliating. *See id.* (stating that a policy of recording strip searches may "protect guards and prisoners alike.").

As for a claim under the Fourth Amendment, Samsa needed to allege facts to show that the search was objectively unreasonable. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Samsa alleges that the search was unreasonable because he did not consent to it and because he had given officers all of the metal he had. But officers may strip search an inmate without the

inmate's consent if they have reasonable suspicion that the inmate possesses contraband. *Brown v. Polk Cnty.*, Wis., 965 F.3d 534, 539–40 (7th Cir. 2020). Nothing in Samsa's complaint suggests that it was unreasonable for the officers to suspect that Samsa was hiding more metal pieces on his person. And as I explained in the previous screening order, other courts have concluded that recording a strip search, without more, does not make a search unreasonable. *See Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015); *Watley v. Pike Cty.*, No. 3:17-cv-1539, 2018 WL 6018903, at *11 (M.D. Pa. Nov. 16, 2018) (collecting cases).

Samsa's amended complaint is defective for similar reasons to his first complaint. Because Samsa has twice failed to allege facts to show that the search violated his constitutional rights, I conclude that it would be futile to Samsa another opportunity to amend his complaint. I will dismiss the case for failure to state a claim upon which relief can be granted, and I will assess a "strike" against Samsa under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Dennis Samsa's amended complaint, Dkt. 9, is DISMISSED.

2. The clerk of court is directed to record a "strike" against Samsa under 28 U.S.C. § 1915(g).

Entered June 27, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge